**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

UNITED STATES OF AMERICA,
    Plaintiff,

v.                                      Case No. 17-CR-06

ADAM MARANTO,
    Defendant.

**DEFENDANT'S POSITION ON**
**CONDITION VIOLATION ALLEGATIONS**
**AND PROPOSED CONDITIONS FOR SUPERVISION**

Defendant, by his counsel William Jones of Jones Law Firm, respectfully responds as follows to the condition violations being alleged and supervision conditions being proposed in the Probation Form 12c filed February 25, 2019 (Doc. 3) and the Supplemental Probation Form 12c filed January 27, 2022 (Doc. 5).

**Alleged Violation #1** "The defendant shall not commit another crime."

**Alleged Violation #2** "The defendant shall not possess unauthorized computer related devices."

**Alleged Violation #3** "The defendant shall not possess any material depicting or describing child pornography."

As the Petition for Warrant points out, on November 19, 2021, Mr. Maranto appeared in Juneau County, Wisconsin, Circuit Court and entered a guilty plea to one count of possession of child pornography, a Class D felony. This is substantially the same conduct that constitutes the offending conduct being relied upon on in Probation Form 12c filed February 25, 2019. He anticipates that the government will be petitioning the court for revocation of his supervision based upon his conviction in state court. Mr. Maranto will not dispute the fact that, given his state conviction, revocation is appropriate in this federal case.

**Proposed Disposition**

Mr. Maranto plead guilty to a Wisconsin State class D felony which, as Form 12c points out, is punishable by a maximum term of initial confinement of 15 years. The violation is therefore a Grade C violation and the advisory guideline range of imprisonment would be 5 to 11 months upon revocation. The Form 12c notes that Mr. Maranto was confined in a jail setting from February 21, 2019 until January of 2022. He was then transferred to a Wisconsin State prison setting. He has been confined in a jail environment for nearly three years already. While Mr. Maranto does not contest that his behavior in 2019 warrants revocation of his federal supervision, he asserts any sentence upon revocation should run concurrent to the state sentence he received for the same offense conduct.

**Objections to Conditions of Release**

Mr. Maranto anticipates being placed upon Federal Supervision upon the completion of his sentence of reincarceration. Form 12c filed January 27, 2022 proposes conditions for his supervision. (Doc. 5) Mr. Maranto is entitled to reasonable conditions of supervision and the court is required to provide justification for those conditions so that they can be reviewed if appealed to a higher court. Mr. Maranto objects to two of the proposed conditions of supervision. The first is Special Condition # 13 (requiring any and all financial information be provided to the supervising U.S. probation officer) and the second is Special Condition #19 (granting the supervising U.S. Probation Officer unlimited authority to require psychosexual evaluations which may involve use of polygraph examinations).

Form 12c provides, as justification for proposing that his supervision agent be given unfettered access to all financial information, the statement: "Based on defendant's sporadic employment history, the need to monitor his ability to support himself through legitimate means, and the requirement to report place of employment under SORNA." There is no suggestion in Form 12c that Mr. Maranto supports himself through illegitimate means or would not report

2

place of employment under SORNA. The court should deem the probation office's basis for requesting the condition to be unreasonable and deny the request.

Form 12c provides, as justification for proposing that Mr. Maranto be subjected to polygraph testing, the statement: "Based on defendant's prior criminal record that includes possession and distribution of child pornography, his admissions to past sexual abuse of minors, his unauthorized association with a minor while on supervised release, and his possession of child pornography while on supervised release." While Mr. Maranto concedes that his offense history justifies a requirement that he continue to engage in psychosexual evaluations, he challenges the use of polygraph examinations as a tool for doing so. The justification provided in Form 12c does not explain (1) what basis the court would have to conclude a polygraph is reliable, (2) what qualifications a polygraph examiner must possess before being relied upon while assessing truthfulness during supervision and (3) what scientific means would necessarily be applied in conjunction with a polygraph for concluding whether an individual is being truthful. The proposition that a polygraph be used for assessing truthfulness during psychosexual evaluations is not sufficiently justified in Form 12c and should be denied.

Date <u>March 2, 2022</u>

|  |  |
|---|---|
|  | Respectfully submitted, |
| **ADDRESS** | JONES LAW FIRM |
| Jones Law Firm |  |
| P.O. Box 44188 | /s/ |
| Madison, WI 53744-4188 | William Jones |
| 608-628-0598 | State Bar No. 1035897 |

3